THE SENECA COUNTY TRUST COMPANY, PLAINTIFF-AP-PELLEE, v. SWILLER BROTHERS, A NEW JERSEY COR-PORATION (IMPLEADED AS ABRAHAM P. SWILLER AND MAX SWILLER, PARTNERS, TRADING AS SWIL-LER BROTHERS), DEFENDANT-APPELLANT.

Submitted January 26, 1929—Decided June 28, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Herman H. Anekstein* (*John P. Kirk-patrick*, of counsel).

For the appellee, *Clifford I. Voorhees.*

PER CURIAM.

The plaintiff below recovered a judgment rendered by the trial judge, sitting without a jury.

The suit was on a trade acceptance drawn by Pratz, Kime & Pratz, Incorporated, at Waterloo, New York, and was drawn on the defendant Swiller Brothers. On the same day that it was drawn the drawer took the trade acceptance to the plaintiff bank where it was discounted, the plaintiff crediting the account of Pratz, Kime & Pratz, Incorporated, with the amount of the trade acceptance, less discount charges. Ten days thereafter Swiller Brothers accepted the trade acceptance, but on its maturity refused payment, contending that there

was no consideration. In this suit by the trust company against Swiller Brothers, the acceptor, judgment was rendered for the plaintiff in the New Brunswick District Court. From this judgment the defendant appeals, contending that the plaintiff was not a *bona fide* holder within the Negotiable Instruments act and that there was a failure of consideration in consequence of which the defendant was not liable.

Respondent contends, on the contrary, that the plaintiff is the holder in due course and that the judgment was right.

The specific ground upon which the appellant rests is that inasmuch as the trade acceptance had not been accepted at the time it was negotiated to the plaintiff, it was not complete and regular on its face, and therefore under the Negotiable Instruments act the plaintiff was not a holder in due course, and might defeat plaintiff's recovery by showing no consideration from the drawer. Appellant seems to concede that the cases of *Meyer* v. *Beardsley*, 30 *N. J. L.* 236, and *Trent Tile Co.* v. *Fort Dearborn National Bank*, 54 *Id.* 33, are adverse to its contention, but contends that the rule established by those cases was modified by the Negotiable Instruments act when it declared that one of the characteristics of a holder in due course is that the instrument be taken when it is complete and regular on its face. The construction contended for by the appellant is not the construction which has been placed upon the statute by the courts. Appellant cites no authority in support of its contention, and we know of none. In 8 *C. J.* 330, it is said: "The rights of the holder of the bill are the same whether the acceptance was before or after his acquisition of title. * * * A *bona fide* holder for value of a bill of exchange before acceptance does not require an additional consideration to the drawee for his acceptance in order to enforce it against him." For these propositions authorities are cited and there appear to be none to the contrary.

Furthermore we incline to think that the question of failure of consideration, if that be considered, was one for the court, sitting as a jury, the finding on which precludes its being disturbed here. The statement in the bill itself is that it

arises out of the purchase of goods from the drawer. The evidence does not disclose any repudiation of a contract to purchase goods but simply is to the effect that appellant received a bill of lading and learned that no goods had been shipped to and received at the destination named in the bill of lading, and that as no goods arrived within a few days Swiller Brothers returned the bill of lading to the drawer, and had not received another bill of lading nor the merchandise mentioned in the bill. This we think did not as a matter of law relieve against the contract nor did it show as a matter of law that the sellers were repudiating or rescinding their contract. So far as appears it may be that the goods were not shipped because of an arrangement of the parties. The mere fact that the goods did not accompany the bill of lading, or that they had not been received for an indeterminate period, might be some evidence from which the judgment could determine that the sellers intended no longer to be bound by their contract, but it certainly was not conclusive evidence from which the court must find that Swiller Brothers' rights as purchasers of the goods had in any way been impaired.

The judgment below will be affirmed, with costs.